STATE of Maine

v.

Ricki COLUMBO.

Supreme Judicial Court of Maine.

Dec. 9, 1976.

Henry N. Berry III, Dist. Atty., Peter G. Ballou, Asst. Dist. Atty., Portland, for plaintiff.

Robert N. Walker, Yarmouth, for defendant.

Before DUFRESNE, C. J., WEATHERBEE,* POMEROY, WERNICK and ARCHIBALD, JJ.

PER CURIAM.

After hearing, appellant's probation was revoked and he was ordered to stand in execution of the sentence previously imposed. This appeal is from such revocation of probation.

We deny the appeal.

Appellant had been convicted of the crime of breaking, entering, and larceny, formerly 17 M.R.S.A. § 2103.[1] Sentencing followed. The judgment entered was that appellant was to be imprisoned in Maine State Prison for a period of not less than two years nor more than four years. There was further provision that execution of the sentence was to be suspended after appellant had served sixty days of the sentence, and he was placed on probation. It was during the period his probation was in full force and effect that the events occurred which resulted in revocation of his probation.

In an appropriate manner, the probation officer had alleged the appellant had violated the conditions of his probation by his

"[f]ailure to maintain good behavior on August 29, 1975 by driving a 1968 Ford

into [name omitted], *causing* [name omitted] *to flip over onto the hood and onto the ground.*"

An evidentiary hearing was held, at which hearing appellant was represented by counsel. After such hearing, the presiding justice entered an order revoking the probation and ordering execution of the unexecuted portion of the sentence previously imposed, i. e., imprisonment for the period of not less than two years nor more than four years.

The specific finding of the presiding justice was that

"*the defendant has violated one or more of the conditions of probation attached to said judgment, . . . .*"

In his oral statement made at the conclusion of the evidence, the court said,

"*Both sides having rested, the Court finds in each of these matters that the defendant, Ricki Columbo, has violated the terms and conditions of his probation in failing to maintain good behavior by driving an automobile into* [name omitted] *on the 29th day of August, 1975, as alleged in the motions for revocation of probation in each of these two matters.*"

Appellant premises his argument on his claim that the term "*good behavior*" as defined by this court in *State v. Oliver,* Me., 247 A.2d 122 (1968), is intended to describe only a violation of law. Appellant continues his argument by pointing out that the presiding justice made no specific finding that appellant had violated a provision of the law. Though he concedes the evidence was sufficient to justify a conclusion that appellant was guilty of assault and battery or reckless driving or operating a motor vehicle in such a manner as to endanger a person, he says it would equally support a finding that the appellant was merely negligent.

---

\* WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

1. Repealed P.L.1975, c. 499, § 11, effective May 1, 1976.

It is clear to us that in the circumstances of this case the presiding justice's finding that the appellant failed to maintain good behavior must be considered as a finding that the appellant's conduct was not conformable to law.

*"Good behavior is conduct conformable to law." State v. Oliver,* supra, at 124.

In *Oliver* we established the rule that in hearings on motion for revocation of probation,

*"The findings of the Justice stand under the familiar* 'unless clearly erroneous' *or* 'any credible evidence' *rule as readily as in other nonjury cases." State v. Oliver,* supra, at 123.

In this case there is clearly credible evidence to support the presiding justice's conclusion that appellant had failed to maintain good behavior, i. e., had failed to conduct himself in a manner *"conformable to law."*

Having found, as he did, that the appellant had violated the conditions of his probation, the presiding justice had discretionary power to revoke the probation. *See Skidgell v. State,* Me., 264 A.2d 8, 11 (1970).

We hold there was no abuse of discretion.

The appeal is without merit.

Accordingly, the entry must be:

Appeal denied.

All Justices concurring.

WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

DELAHANTY, J., did not sit.