**STATE of Maine**

v.

**Bruce A. SOMMER.**

Supreme Judicial Court of Maine.

July 11, 1978.

Joesph M. Jabar, Dist. Atty., J. William Batten (orally), Asst. Dist. Atty., Augusta, for plaintiff.

Raymond L. Williams, Ellsworth, (orally), for defendant.

Before POMEROY, ARCHIBALD, DE-LAHANTY, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

This appeal is from a judgment entered in the Superior Court revoking probation. Appellant now contends that the procedures under which his probation was revoked violated due process, both under the United States and Maine Constitutions, and that the findings made by the trial justice below were not in conformity with 17–A M.R.S.A. § 1206.

We deny the appeal.

In 1975, appellant was convicted for possession of contraband in the county jail. Following his conviction, he was sentenced to the Maine State Prison for a term of not less than one year and not more than two years. All but 60 days of this sentence was suspended, however, and appellant was placed on probation for two years.

In 1977, following transfer of appellant's probation file from Kennebec to Hancock County, appellant was arrested by his probation officer for certain alleged violations of the conditions of probation. Probable cause that the violations had occurred was found following the preliminary hearing required by 17–A M.R.S.A. § 1205. The hearing was had before a supervisor in the Department of Probation and Parole. The supervisor had had no prior connection with the case. Following the probable cause hearing, a hearing was held in Superior Court in which appellant was represented by counsel. It is from the judgment entered after this hearing that this appeal was brought.

Appellant cites two reasons to support his contention that due process was violated by his probation revocation proceedings. Appellant initially argues that, despite the seeming compliance of the procedures in this case with the strictures set forth in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), due process requires that the preliminary probable cause hearing should be held before a completely neutral person, not merely an uninvolved employee of the probation and parole department. While recognizing that this contention may go beyond the requirements for due process under the United States Constitution, appellant urges us to hold that due process under the Maine Constitution requires such a result.

We disagree.

In *Morrissey v. Brewer, supra*, it was recognized that hearings were required before parole could be revoked. This was so because both the public and the individual parolee had acquired some cognizable interests in guaranteeing that revocation occur only where the circumstances actually warranted revocation. Because the parolee's interest in his liberty was more limited than the interest of one who had only been accused, but not convicted, of a crime, however, the full panoply of rights accorded to an accused in a criminal trial was not deemed to be necessary for a parole revocation hearing. Thus, the Court in *Morrissey* set forth certain minimum standards that must be met in such hearings. Among these was a requirement that a probable cause hearing be had before an *"independent"* officer who had not been involved directly in the case. The Court refused to require that the hearing officer be a judicial officer, however, stating that

It will be sufficient, therefore, in the parole revocation context, if an evaluation of whether reasonable cause exists to believe that conditions of parole have been violated is made by someone such as a parole officer other than the one who has made the report of parole violations or has recommended revocation. *Id.* 408 U.S. at 486, 92 S.Ct. at 2603.

The principles stated in *Morrissey* were later held applicable to probation revocation in *Gagnon v. Scarpelli, supra.*

In the instant case the preliminary probable cause hearing was held before "*someone . . . other than the one who has made the report of parole violations or has recommended revocation.*" The requirements for due process enunciated in *Morrissey* have been satisfied in this regard. We do not read our own constitution to require more.

■ Appellant next cites the failure of the Justice at the actual probation revocation hearing to make written findings detailing the evidence upon which he relied and giving the reasons for revocation as a violation of due process.

Again we must disagree.

It is true, as appellant contends, that *Morrissey* stated one of the minimum requirements of due process to be "*a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.*" *Morrissey v. Brewer, supra* 408 U.S. at 489, 92 S.Ct. at 2604. The purpose of such a statement is "*to allow the reviewing court to determine whether there was a factual basis for revocation and to provide a probationer with a record of the proceedings so as to protect him from a second revocation proceeding based on the same conduct.*" *Kartman v. Parratt,* 535 F.2d 450, 457–58 (8th Cir. 1976). It stands to reason, then that this purpose may be fulfilled by an oral statement, especially when made by a presiding Justice in the presence of the probationer who is represented by counsel and when such statement is transcribed and forms a part of the record. Indeed, numerous other courts have held that an oral statement may be sufficient under these circumstances. *See People v. Ruiz,* 53 Cal.App.3d 715, 125 Cal.Rptr. 886

(1975); *Rheuport v. State,* 238 N.W.2d 770 (Iowa 1976); *State v. Hughes,* 200 N.W.2d 559 (Iowa 1972); *Pearson v. State,* 308 Minn. 287, 241 N.W.2d 490 (1976); *State v. Fry,* 15 Wash.App. 499, 550 P.2d 697 (1976). The failure to make written findings, therefore, is not fatal.

■ We take occasion to emphasize, however, that findings relating to both the evidence relied on and the reasons for revoking parole *must* be made, whether they be written or oral. The findings made in this case, while sufficient to support the revocation, are extremely meagre. Appellant was alleged to have committed numerous violations of his probation. These violations included several failures to report to the probation officer, failure to obey the law of the State of Maine,[1] failure to maintain good behavior, excessive use of intoxicants, and alleged "*terrorizing*" of the probation officer. While most[2] of these violations found ample support in the record, the presiding justice made reference only to the failure to report and to the failure to maintain good behavior. A fuller statement of findings could certainly have been made under the circumstances presented here.

Appellant also urges as error the failure of the court to make express findings that the violation of the conditions of probation was "*inexcusable.*"

■ 17–A M.R.S.A. § 1206(6) provides that if the alleged violation of a condition of probation does not constitute a crime "*and the court finds by a preponderance of the evidence that the person has inexcusably failed to comply with a requirement imposed as a condition of probation,*" then probation may be revoked. Here, the presiding justice did not make any finding that a crime had been committed,[3] despite the

1. Appellant pleaded guilty to the offenses of Reckless Driving and Failure to Stop on Signal of an Officer.

2. The presiding justice expressly refused to find that the crime of terrorizing had been committed.

3. The State argues that the justice below found that appellant did not "*maintain good behav-*

*ior.*" Under *State v. Columbo,* Me., 366 A.2d 852 (1976), such a *finding is deemed equivalent* to a finding that appellant's behavior amounts to a violation of law, the State contends. We feel compelled to reject this contention here. The Justice's oral statement, when read in its entirety, demonstrates that his use of the phrase "*maintenance of good behavior*" clearly does not refer to a violation of law.

uncontradicted evidence that appellant had pleaded guilty to two motor vehicle offenses. The revocation, therefore, can only be sustained if the other violations are inexcusable. While we deplore the lower court's failure to state expressly that the failure to report was inexcusable, such a finding is implicit in the justice's oral statement at the conclusion of all the evidence.

■ Appellant finally contends that the evidence presented at the revocation hearing was insufficient to justify the revocation. "*The findings of the Justice [below] stand under the familiar* 'unless clearly erroneous' *or* 'any credible evidence' *rule* . . . ." *State v. Oliver*, Me., 247 A.2d 122, 123 (1968). There is no necessity to review the evidence here. The findings of fact were supported by credible evidence and were not clearly erroneous.

The entry must be:

Appeal denied.

Judgment affirmed.

WERNICK, J., did not sit.