**STATE of Maine**

v.

**Daniel L. BRYDON.**

Supreme Judicial Court of Maine.

Argued Nov. 10, 1982.
Decided Jan. 21, 1983.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty. (orally), Portland, for plaintiff.

Greenberg & Greenberg, Stanley Greenberg (orally), Portland, for defendant.

Before McKUSICK, C.J., GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ., and DUFRESNE, A.R.J.

DUFRESNE, Active Retired Justice.

On March 5, 1981, Daniel Brydon, the defendant in an information charging him with a Class E crime of theft, on his plea of guilty was so adjudged and convicted, and sentenced to a term of 60 days in the Cumberland County jail. Execution of the sentence and incarceration thereunder were suspended and Brydon was committed to the custody and control of the Division of Probation for a term of 1 year. The conditions of probation included among others that

> you are to report to the Probation Officer forthwith, and thereafter as the Probation Officer may direct, and ...

> \*   \*   \*   \*   \*   \*

> Your freedom from future arrest and punishment for the offense(s) of which you have been found guilty depends upon your strict observance of the foregoing conditions of your probation, ....

On December 18, 1981, the probation officer who had Brydon under supervision initiated probation revocation proceedings against him pursuant to 17–A M.R.S.A. § 1205, alleging the defendant's failure to report to his probation officer as required under the terms of his probation on 26 stated individual weeks out of a total of 41 weeks up to and including the week of December 16, 1981. After the probation officer presented his evidence before the Superior Court, Cumberland County, at a hearing on May 20, 1982, both the State and the defendant rested their case. After argument of counsel for both parties, the presiding justice expressly found that

> in fact the Defendant has violated the terms of his probation,

and in oral pronouncement gave the following sentence:

> I'm going to sentence the Defendant to serve 30 days of his 60 day sentence, and in conformity with the Statute, probation shall continue with the unexpired term of the sentence when he is released.

Brydon appeals. We deny the appeal and affirm the judgment of conviction as modified.

The defendant contends that the Superior Court committed reversible error in revoking his probation, because the presiding justice failed to make an *express* finding that the defendant's repeated failure to report was inexcusable and that the instant record is insufficient to support an *implied* finding to that effect in the light of *State v. Sommer,* 388 A.2d 110 (Me.1978). We disagree.

The statute, 17–A M.R.S.A. § 1206 (6) does provide:

> If the alleged violation does not constitute a crime and the court finds by a preponderance of the evidence that the

person has inexcusably failed to comply with a requirement imposed as a condition of probation, it may revoke probation. In such case, the court shall impose the sentence that was suspended when probation was granted.

And, as modified by subsection 7–A of § 1206:

Upon revocation of probation pursuant to subsections 5, 6 or 7, the court may impose all of the sentence which was suspended when probation was granted *or it may impose a portion thereof,* considering the nature of the violation and the reasons for granting probation. *The remaining portion of the sentence which is not imposed upon the revocation of probation shall remain suspended and subject to revocation at a later date.* During the service of the portion of the sentence imposed upon revocation, the running of the period of probation shall be interrupted and shall resume again upon release . . . . (Emphasis supplied).

The statutory mechanism set up by the Legislature regarding proceedings for revocation of probation, with its preliminary hearing provisions of § 1205–A for persons arrested for violation, together with the requirement that the facts underlying the alleged violation be set forth in detail in the summons and motion for revocation, plus review by appeal of an adjudication revoking probation, is the process which our Legislators have ordained to secure basic fairness in resolving disputed issues between a probationer and the State respecting the State's request that probation be terminated and the probated sentence be enforced on the State's claim that the probationer has violated the conditions of his probation. The statute's fact finding prerequisite of inexcusability respecting the probationer's alleged failure "to comply with a requirement imposed as a condition of probation" (17–A M.R.S.A. § 1206(6)), whether express or implied, serves to minimize the risk of erroneous decisions, to assure freedom from

arbitrariness, to protect the probationer from a second revocation proceeding based on the same conduct, and to permit a meaningful review at the appellate level of the initial adjudication of probation violations. *See State v. Maier,* 423 A.2d 235 (Me.1980); *State v. Sommer,* 388 A.2d 110 (Me.1978); *State v. Foisy,* 384 A.2d 42 (Me.1978).

■ The defendant's reliance on *Sommer* as supporting his present contention is misplaced. In that case, the State had alleged, and the evidence tended to support, a variety of violations of probation, such as the defendant's failure to report to the probation officer, his failure to obey the law of the State of Maine, his failure to maintain good behavior, the excessive use of intoxicants, and his supposed terrorizing of the probation officer. 388 A.2d at 112. In his findings, however, the presiding justice referred only to the defendant's failure to report and his failure to maintain good behavior, and, as to these failures, he did not make an express finding that these violations were inexcusable. Deploring the absence of an express finding of inexcusability, the *Sommer* Court, nevertheless, held that such a finding is *implicit* in the justice's oral statement at the conclusion of all the evidence. If the court's factual conclusion in general terms in *Sommer* that the defendant had violated the terms of his probation was a sufficient implicit finding of inexcusability in compliance with 17–A M.R.S.A. § 1206(6) where more than one type of violation of probation was involved, surely in the instant case where only the failure to report was the issue, the court's general finding at the close of the evidence that in fact the defendant has violated the terms of his probation included implicitly the subsidiary necessary finding that the failures to report were inexcusable, especially in the context of the preceding colloquy between the court and the defendant's counsel.[1] The defendant takes nothing from this claim of error.

---

1. *The Court:* Is there any indication that you wish to represent to the Court as to why he did

not report? I think that has a bearing on this proceeding.

Notwithstanding the Court's clear oral pronouncement of the sentential disposition in the case as quoted previously, the written order signed by the presiding justice in this case was made on the approved form appropriate in cases in which the original sentence is ordered executed, but, as modified, it incorrectly reflected the actual decision of the court.[2]

■ As stated in *State v. Bradley*, 414 A.2d 1236, 1241 (Me.1980), we deem the presiding justice's written memorandum of his previous oral pronouncement a clerical error subject to correction pursuant to M.R. Crim.P. 36 in the light of his clear expression of intention as the record plainly indicates. The rule is well imbedded here that, where there is discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls. *State v. Stinson*, 424 A.2d 327, 333–34 (Me.1981). Recourse to the records of the court as a whole may be had to determine the actual action in fact taken by the court, notwithstanding any inaccuracy by commission or omission carried by the written judgment.

   \*    \*    \*    \*    \*    \*

Isn't the standard that I have to consider is whether or not he in fact revoked [violated] the terms of probation and what extenuating circumstances there were if any for his failure to comply with the terms of probation? Isn't that what I have to make a determination on? That is a determination the Court must make in deciding whether in fact to impose a period of incarceration. *What I'd like to know from you is what facts or evidence do I have before me of extenuating circumstances or justification for this violation?* (Emphasis provided).
[Defendant's Counsel] I'm not going to offer anything by way of excuse, your Honor, . . .
If I might just state, the Court does have the discretion to revoke part or all of the duration. *The Court:* I understand that. I know what the law is. I'm concerned about the facts of this case as to what justification I have or what reason I have on the record for not revoking probation and imposing the sentence, . . .
   \*    \*    \*    \*    \*    \*
*The Court:* The Court is satisfied that it has no alternative except to revoke the probation. The State has introduced evidence which meets the statutory standard and that in fact the

*See Fuller v. State*, 282 A.2d 848, 855 (Me. 1971). Where the record is clear, the correction may be made at the Law Court level. *See Tamez v. State*, 620 S.W.2d 586 (Tex.Cr.App.1981). Hence, the written order of the Superior Court is corrected nunc pro tunc to read as follows:

STATE OF MAINE

| Cumberland, ss. | SUPERIOR COURT |
| | CR –81–328 |

| STATE OF MAINE | |
| vs. | REVOCATION OF PROBATION |
| Daniel Brydon | |

On the ____20th____ day of __May__, 1982, the defendant appeared in person (and by counsel) to answer to the charge that the defendant had violated one or more of the conditions of probation attached to the judgment of this court in this case.

A hearing having been held,

It is adjudged that the defendant has violated one or more of the conditions of probation attached to said judgment, and it is ORDERED that the order of probation contained in the judgment of this Court in this case, is hereby revoked and the court imposes a portion of the sentence of impris-

Defendant has violated his probation by failing to report for the weeks alleged, even given the fact that there may be some doubt as to one of the dates in question. The Court will not even consider that in making its determination.

2. The order reads:
On the 20th day of May, 1982, the defendant appeared in person (and by counsel) to answer to the charge that the defendant had violated one or more of the conditions of probation attached ot (sic) the judgment of this court in this case.
A hearing having been held,
It is adjudged that the defendant has violated one or more of the conditions of probation attached to said judgment, and it is ORDERED that the order of probation contained in the judgment of this Court in this case, is hereby revoked and the court imposes the sentence of imprisonment that was suspended when probation was granted, namely [the quoted language inserted]
"30 days at the Cumberland County Jail; Probation to continue" and that said judgment and sentence be executed and that this order be attached to and made a part of said judgment.

onment that was suspended when probation was granted, namely 30 days at the Cumberland County Jail, the remaining portion of the sentence which is not imposed shall remain suspended and probation shall continue in respect thereto following his release from incarceration, all pursuant to 17–A M.R.S.A. § 1206(7–A), and that this judgment and sentence be executed and that this order be attached to and made a part of said judgment.

The entry will be:

Appeal denied.

The Superior Court judgment as modified is affirmed.

All concurring.