**STATE of Maine**

v.

**Timothy LABBE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 20, 1992.
Decided Dec. 15, 1992.

Janet T. Mills, Dist. Atty., Patricia Reyunolds–Regan, Auburn, for plaintiff.

William Maselli, Kelly A. McMorran, Auburn, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Defendant Timothy Labbe appeals from a judgment of the Superior Court (Androscoggin County, *Alexander, J.*) affirming an order of the District Court (Lewiston, *Scales, A.R.J.*) revoking probation. Defendant contends that certain aspects of his probation revocation proceedings violated due process standards and that the evidence presented at the revocation hearing was insufficient to justify the revocation of his probation. We disagree and affirm the judgment.

In 1990, defendant was convicted of cruelty to animals.[1] He was sentenced to imprisonment for ninety days with all but thirty days suspended, and probation for one year conditioned upon his participation in abuse counseling to the satisfaction of his probation officer. Defendant's probation officer referred him to the Abused Women's Advocacy Project (AWAP) for counseling. Although defendant attended the counseling sessions, his probation officer moved to revoke his probation on the ground that he failed to participate in counseling to her satisfaction. Her action was precipitated by a letter from AWAP stating that AWAP was terminating defendant's involvement in the program because he refused to participate. AWAP claimed that defendant wrote "none of your business" on his homework assignments, and told the facilitator of group sessions that his private life was none of their business.

As part of the revocation proceedings, defendant signed a waiver of counsel form and reaffirmed his decision to waive counsel at the revocation hearing. After the hearing, the District Court found a violation of the terms of probation and imposed the underlying sixty-day sentence. Defendant's appeal to the Superior Court was denied and this appeal followed.

██ Defendant first argues that hearsay evidence introduced by the State violated due process standards under the state and federal constitutions because it was unreasonably abundant. Defendant specifically claims that the court should not have admitted either the testimony of his probation officer regarding her conversations with his AWAP counselor, or the letter from AWAP stating that defendant refused to do homework or participate in the group.

The Maine Rules of Evidence do not apply to probation revocation proceedings. M.R.Evid. 1101(b)(3). Defendant, however, relies on *State v. Caron*, 334 A.2d 495, 498 (Me.1975), in which we stated that "if, in a given context, the hearsay evidence is unreasonably abundant and its substantive

---

**1.** Defendant killed his wife's pets—13 mice and 1 cat, in front of her or while she was in the home.

reliability highly suspect, a decision founded on it may be subject to vitiation for violation of 'due process of law' fairness standards." In this case, the admitted hearsay was corroborated by admissible evidence including defendant's admission to his probation officer that he would not actively participate in the counseling despite the court order, and defendant's testimony both that he would not answer any questions during counseling which invaded marital privacy and that he would not agree to meet with a different counselor for the same reason. The hearsay in this case was not "highly suspect" or unreasonably abundant.

 Defendant also contends that the requirements of due process were not met because the District Court failed to make written findings relating to the evidence relied on and the reasons for revoking probation and, alternatively, that the court's oral statements did not contain such findings. Written findings are not always required for probation revocation. Due process is satisfied if the factfinder makes a recorded oral statement as to the evidence relied on and the reasons for revoking probation, "*especially* when made by a presiding Justice in the presence of the probationer who is represented by counsel and when such statement is transcribed and forms a part of the record." *State v. Sommer*, 388 A.2d 110, 112 (Me.1978) (emphasis added). Defendant erroneously relies on *Sommer* to argue that a written statement is required whenever a defendant is not represented by counsel. *Sommer* does not support that proposition nor is there any other authority that requires it.

Defendant next argues that the court's oral statements after the close of the evidence did not satisfy due process because they do not detail the evidence relied on or the reasons for revoking probation. The court stated its reasons for revoking probation: "[T]he Court felt a certain ... behavior was necessary from you in order not to serve the remaining jail time. And I hear that you are unwilling to ... give that performance. In essence, probation is not doing what it was intended to do." Although we have previously stated our preference for the court to express both the reasons for revoking probation and the evidence relied on, *id.*, in this instance the court's statement of its reasons for revoking probation, reviewed in the context of the entire record, unmistakably identifies the evidence relied on.

Defendant finally contends that the District Court could not reasonably have concluded that he violated the terms of his probation in the absence of evidence that other counseling options had been fully explored. The court's decision is supported by credible evidence including defendant's testimony that he and his probation officer discussed the possibility of going to another counselor, but that he declined. Because there was credible evidence to support the District Court's finding that defendant violated the conditions of his probation, the decision was not clearly erroneous. *State v. Sommer*, 388 A.2d at 113.

The entry is:

Judgment affirmed.

All concurring.