[No. 32612.   Department One.   March 4, 1954.]

THE STATE OF WASHINGTON, *Respondent*, v. VICTOR STAFFORD,
*Appellant*.[1]

*Smith Troy* and *Philip W. Richardson* (*William J. Millard*, of counsel), for appellant.

*James E. Duree* and *Robert A. Hannan*, for respondent.

FINLEY, J.—This is an appeal from a conviction of assault (second degree) with intent to commit a felony, namely, the crime of maiming the person of another.

Briefly, the facts are: The prosecuting witness had been suspected and accused by the defendant of seducing and despoiling the latter's daughter. "Bad blood," or hostility, existed between the father of the girl and her alleged seducer. A bitter quarrel, and a fight, ensued between the

[1]Reported in 267 P. (2d) 699.

two men during a dance "at the Camp One Dance Hall . . . out in Willapa." Soon thereafter, the criminal charges involved herein were filed against the girl's father. He was tried and convicted, as indicated above.

The girl's father, appellant, contends that the judgment and sentence against him should be set aside, and that he is entitled either to a dismissal, or in the alternative, to a new trial, because:

- (1) The evidence is not sufficient to support the jury's verdict; and in any event, viewed in its entirety, shows he has been done an injustice;
    (2) The trial court erred in its interpretation of the law in giving instruction No. 13 to the jury;
    (3) The state failed to prove that the crime was committed in Pacific county.

■ In connection with his first contention, outlined above, appellant concedes the general rule enunciated in *State v. Druxinman*, 34 Wash. 257, 75 Pac. 814, and reiterated in many subsequent decisions, that a verdict of guilty will not be set aside upon conflicting testimony where the evidence of the state warrants the verdict.

■ The record in this case shows that appellant made threats to maim or emasculate the prosecuting witness some time before the fracas occurred at the Camp One Dance Hall. The threats were repeated at the dance hall at the time of the altercation. The day after the fight, appellant made a statement to the effect that he had maimed the prosecuting witness during the fight.

From the foregoing and from the testimony that the defendant assaulted the prosecuting witness, it should be quite clear that there is evidence in this case sufficient to sustain the verdict of guilty, rendered by the jury. The general rule as to the finality of a jury's verdict, as stated in the *Druxinman* case, *supra*, is applicable. Appellant's contention that a careful review of the *entire record* justifies an exception to the general rule, as stated in the *Druxinman* case, is not convincing. However, in this connection, we can say that the entire record in the case at bar has been examined carefully. It seems to us that the jury simply

disbelieved the accused's version of the fight at Camp One Dance Hall and found him guilty of the crime as charged. The defendant has had his day in court.

Appellant secondly contends that instruction No. 13, given by the trial court, was erroneous and prejudicial. The instruction contains the following language:

"You are instructed that the perpetrator of an assault is justified only when there is iminent danger of a felony being committed on his person or the person of another in his presence or when there is iminent danger of great injury to his person or the person of another in his presence.

"The perpetrator of an assault is not justified in making said assault to punish a past offense or *an anticipated offense.*. It must be an impending or progressing wrong." (Italics ours.)

■ Appellant claims that this instruction deprived him of the right of self-defense, that is, the right to act to forestall an aggressor. Such a construction is at best a strained one when it is observed that the words "anticipated offense" are contrasted with "impending danger" and "impending wrong," used in the same instruction. In any event, the jury was properly instructed as to the law of self-defense and apparent danger in instruction No. 11, to which no exception was taken. Considered together, the instructions given by the trial court properly presented the law to the jury. In *State v. Refsnes*, 14 Wn. (2d) 569, 128 P. (2d) 773, we said:

"Instructions must be considered together as a whole and if, when so considered, they properly state the law, they are sufficient."

There was no error in giving instruction No. 13.

Lastly, as to appellant's contention that the state failed to prove the crime was committed in Pacific county, we find that the testimony of several state witnesses indicated clearly the crime occurred at "the Camp One Dance Hall." One of defendant's witnesses testified that the fight occurred at "Camp One Dance Hall . . . out in Willapa." In his brief and during argument, the prosecuting attorney has pointed out that Camp One Dance Hall is a well-known

place which has been a landmark in Pacific county for many years; that the dance hall is located in the town of Willapa, which is also a place well known to people residing in Pacific county and "thereabouts," and known by them to be in Pacific county along with Willapa Bay, Willapa River, and Willapa Harbor.

■ In *State v. Kincaid,* 69 Wash. 273, 124 Pac. 684, the following pertinent language is found:

"The appellant's first contention is that the state failed to prove venue, as laid in the information. There was no direct statement by any witness that the crime was committed in Whatcom county. The rule, however, is established by overwhelming authority that venue, like any other fact, may be found upon circumstantial evidence; and that, where it may be reasonably inferred from the evidence that the crime was committed in the county designated in the information, the venue is sufficiently established.

" 'The venue need not be proved by direct and positive evidence. It is sufficient if it may be reasonably inferred from the facts and circumstances which are proven and are involved in the criminal transaction. It is enough if it may be inferred from the circumstances by the jury that the crime was committed in the county alleged in the indictment. The venue need not be proved beyond a reasonable doubt. If the only rational conclusion from the facts in evidence is that the crime was committed in the county alleged, the proof is sufficient. The venue may be proved by circumstantial evidence. It is not necessary that a witness expressly testifies that the crime was committed in the county as charged in the indictment. Such direct and positive testimony may be dispensed with. For it has been repeatedly held where there is no direct testimony showing the venue that if there are references in the evidence to streets, public buildings or other landmarks at or near the scene of the crime, which are either known to the members of the jury or which may probably be familiar to them, the jury may safely presume that the venue has been proved.' Underwood, Criminal Evidence (2d ed.), pp. 59, 60, 61, § 36."

In *State v. Dooley,* 82 Wash. 483, 144 Pac. 654, we said:

"While it is true that a perusal of the testimony fails to disclose that any witness testified directly that the transactions which they related occurred in King county, yet the testimony is replete with expressions showing the fact.

This is sufficient. Whether the venue is properly laid, like any other fact necessary to be shown to sustain a conviction, is to be gathered from the evidence as a whole, and competent evidence of the fact, sufficient to satisfy the jury, satisfies the law. *State v. Fetterly*, 33 Wash. 599, 74 Pac. 810; *State v. Gilluly*, 50 Wash. 1, 96 Pac. 512."

■ The jury was instructed that, in order to convict, it must find that the crime was committed in Pacific county. The jury's verdict of guilty clearly indicated such a finding. We are convinced that the state produced evidence from which the judge of the trial court, as well as the members of the jury, could reasonably conclude that the assault charged in the instant case took place in Pacific county.

We note that appellant makes no contention here that he made a timely application in the trial court for a change of venue on the theory that he was being tried in the wrong county; or that he was entitled to be tried elsewhere than in Pacific county, pursuant to amendment ten to Art. I, § 22, of the state constitution.

The judgment is hereby affirmed.

GRADY, C. J., MALLERY, HAMLEY, and OLSON, JJ., concur.

May 28, 1954. Petition for rehearing denied.