[No. 1663-2.    Division Two.    May 18, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM E. FRY, *Appellant.*

*Jon C. Parker* and *Parker & Johnson,* for appellant (appointed counsel for appeal).

*Curtis Janhunen, Prosecuting Attorney,* and *Dennis R. Colwell, Deputy,* for respondent.

REED, J.—The defendant, William E. Fry, appeals from a Grays Harbor Superior Court order revoking his probation and from the judgment and sentence entered on his former plea of guilty of grand larceny.

Defendant was granted a deferred sentence and placed on probation for 3 years, on May 3, 1974, having pleaded guilty to the crime of grand larceny. On September 20, 1974, a petition was filed seeking revocation of defendant's probation alleging that on September 18, 1974, defendant had stolen a pistol, camera, portable radio, knife, and a purse from an automobile parked near the beach at Westport. Defendant was taken into custody that same day, and promptly served with the petition to revoke and notice of his right to a preliminary or "probable cause" hearing prior to the revocation hearing. Defendant at that time refused to sign a written waiver of such a hearing and was immediately released on his own recognizance.

On November 6, 1974, a revocation hearing was held in superior court at which defendant appeared with his court-appointed counsel. A police officer testified defendant had admitted the theft to him, described where a wing window and a gun taken from the pillaged car could be found, and stated further that these items were located with the help of defendant's information and a map he had drawn. Defendant denied committing the theft and that he had confessed it to the officer, blaming it on his companion at the time, Charles Livengood. Defendant did admit however, he twice had the gun in his possession even though he suspected it had been stolen. No testimony was offered as to the value of the stolen items. The Honorable John Kirkwood thereupon found defendant had committed the acts charged, revoked defendant's probation and imposed a 15-year sentence.

Defendant asserts through his assignments of error (1) a denial of due process because he was not afforded a preliminary or probable cause hearing, (2) a denial of due process because no formal findings of fact were entered after the revocation hearing and (3) the evidence was insufficient to

justify revocation. We find these assignments to be without merit and affirm.

■ The answer to defendant's first contention lies in the fact he was immediately released from custody on his own recognizance and was not again in custody until November 6 when probation was revoked. There was, therefore, no need for a preliminary hearing, the main purpose of which is to determine if there is probable cause to revoke probation and to detain a defendant until a full hearing on the merits can be had. *Cf. State v. Myers*, 86 Wn.2d 419, 545 P.2d 538 (1976); *Monohan v. Burdman*, 84 Wn.2d 922, 530 P.2d 334 (1975); *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972). We think this is clear from the following language in *Morrissey* on page 487:

> Based on the information before him, the [hearing] officer should determine whether there is probable cause *to hold the parolee for the final decision* of the parole board on revocation. Such a determination would be sufficient to warrant the *parolee's continued detention* and return to the state correctional institution pending the final decision.

(Italics ours.)

■ Defendant's second contention was answered in *State v. Myers, supra*, wherein our Supreme Court stated at page 429:

> Appellant's second argument is that he was denied due process by the failure of the judge at the revocation hearing to make written findings of fact. This contention, however, does not stand scrutiny because the judge's oral opinion, transcribed in the statement of facts, provides an ample record of the evidence on which the judge relied and the reasons for the revocation. . . . Thus, the absence of specific written findings did not hinder appellant in making his appeal since the oral opinion provided a record sufficient for review. . . . A remand for the purpose of entering formal written findings would serve no useful purpose. . . . Under these circumstances, the failure to enter written findings of fact did not result in a denial of appellant's due process rights.

(Citations omitted.) In the instant case, we were provided with the oral opinion of the trial judge, as well as the entire record of the proceedings.

Defendant's last contention that the evidence was not sufficient because the State failed to prove value in excess of $75 and that the trial court misconstrued the testimony is also not well taken. The evidence was more than sufficient to "reasonably satisfy" the trial judge that defendant had violated his probation. *State v. Myers, supra; State v. Kuhn,* 81 Wn.2d 648, 503 P.2d 1061 (1972). The commission of any crime or, for that matter, the violation of any term or condition of probation, is sufficient to justify exercise of the trial court's discretion to revoke probation. *State v. Kuhn, supra.*

Judgment affirmed.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied June 17, 1976.

Review denied by Supreme Court October 5, 1976.