[No. 4578–II.   Division Two.   February 19, 1981.]

THE STATE OF WASHINGTON, *Respondent*, v. TERRENCE
A. LAWRENCE, *Appellant*.

---

*Lewis H. Nomura* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *William H. Redkey, Deputy,* for respondent.

PEARSON, J.—Terrence A. Lawrence appeals an order revoking his probation and sentencing him to a term of imprisonment. The issue on appeal is whether his probation revocation hearing comported with the due process requirements articulated in *Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973). We hold it did not and accordingly reverse.

In 1977, defendant pleaded guilty to second degree theft. The court deferred his sentence and placed defendant on probation for 3 years. A condition of probation was that defendant report regularly to his probation officer. In 1978, defendant pleaded guilty to the second degree assault of his wife with a deadly weapon (RCW 9.95.040). *See* RCW 9.95-.015. The court sentenced defendant to 10 years, with a mandatory minimum of 7 1/2 years under RCW 9.95-.040(2), suspended on the condition (among others) that he remain on probation for 5 years.

In January 1979, defendant was arrested and jailed for failing to report to his probation officer. At a preliminary hearing held on January 30, the trial court ordered defendant released from custody and scheduled a probation revocation hearing for March 30, 1979. Defendant was timely served with a notice of the hearing, which alleged two probation violations: absconding from probation supervision

from October 1978 until his arrest, and assaulting his wife after being placed on probation.

At the hearing, defense counsel admitted to the prosecutor's allegations that defendant had failed to report to his probation officer, but denied the allegations that defendant had assaulted his wife. When asked for his comment, defendant told the court that the alleged assault in November 1978 related to a minor domestic dispute between himself and his wife that prompted his sister to call the police. No further evidence was presented at the hearing. The court stated:

> I would make a finding that Mr. Lawrence has in fact violated his probation [under both convictions] in failing to report. I will not make a finding on the assault.
>
> . . .
>
> I should make the record clear that at the time I released Mr. Lawrence [in January 1979], I was unaware of the November assault, and possibly what one might be able to assume was some connection between the assault, the wife eight months pregnant and the premature death of the [couple's] baby.

The court refused defendant's offer to have his wife testify and answer any questions about the alleged assault. When defense counsel questioned the court about the basis of its decisions to revoke defendant's probation, the judge stated:

> I'm revoking Mr. Lawrence for failing to report, which is an admitted violation of probation, and I am taking into consideration, in the disposition of that violation, everything I know and did not know at the time I released him from jail and what has been going on since.

The court recommended a minimum prison term of 18 months for each offense, to run concurrently. Under RCW 9.95.040(2), however, the mandatory minimum sentence for defendant is 7 1/2 years. From the order of revocation, defendant appeals.

■ A probation revocation hearing is not a criminal proceeding within the Bill of Rights and the fourteenth amendment to the United States Constitution, or article 1, section 22 of the Washington State Constitution. *State ex*

*rel. Woodhouse v. Dore,* 69 Wn.2d 64, 416 P.2d 670 (1966). Accordingly, a probationer's due process rights are not the same as those of a person accused of a crime. *Gagnon v. Scarpelli, supra; Morrissey v. Brewer, supra; State v. Riddell,* 75 Wn.2d 85, 449 P.2d 97 (1968). The United States Supreme Court in *Morrissey v. Brewer, supra,* articulated the minimum requirements of due process for a parole revocation hearing, and made these same criteria applicable to *probation* revocation hearings in *Gagnon v. Scarpelli, supra.* These requirements include, among others: an opportunity to be heard in person and to present witnesses and documentary evidence; and a statement by the fact finder as to the evidence relied on and reasons for revoking probation. *Morrissey v. Brewer, supra* at 489. These due process requirements apply to both conceptual stages of the probation revocation hearing: the fact–finding portion during which the court determines whether a probation violation occurred, and the disposition portion during which the court considers whether the facts as determined warrant revocation. *See Morrissey v. Brewer, supra* at 488. This hearing process is "structured to assure that the finding of a [probation] violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the [probationer's] behavior." *Morrissey v. Brewer, supra* at 484.

In addition to defendant's admitted violations, the court relied on other unarticulated facts in reaching its decision to revoke his probation. Due process requires that the finding of a probation violation be based only on verified facts. To assure such a finding, the trial court must provide a statement of the evidence relied on and the reasons for its decision sufficient to permit effective appellate review. *Morrissey v. Brewer, supra.* This statement can either be in the form of written findings or an oral opinion. *State v. Myers,* 86 Wn.2d 419, 545 P.2d 538 (1976); *State v. Fry,* 15 Wn. App. 499, 550 P.2d 697 (1976). Here the court did not make written findings, and in its oral opinion fails to fully articulate the factual basis for its decision. As such,

its decision is not amenable to judicial review as required by due process.

The court refused the proffered testimony of defendant's wife, stating that it was making no finding with respect to the alleged assault. Nevertheless, the court's comments at the hearing indicate it did consider the alleged assault in making its disposition. A court must have accurate knowledge of a defendant's conduct and behavior if it is going to consider that conduct in its decision to revoke probation. To ensure the court is accurately informed, due process requires that defendant be given an opportunity to be heard and to present witnesses. *Morrissey v. Brewer, supra.* By refusing to allow the wife to testify, the court denied defendant this right. Without her testimony, the court did not have accurate knowledge of defendant's conduct with regard to the alleged assault, and cannot consider these allegations in making its disposition. The court erred in refusing this testimony.

We reverse and remand the matter for a new hearing consistent with this opinion.

PETRIE, A.C.J., and PETRICH, J., concur.