[No. 8726–6–I.   Division One.   April 20, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. LEROY BROWN, JR., *Appellant.*

12

*Jon Zulauf* of *Eastside Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jerry Stimmel, Deputy,* for respondent.

SWANSON, J.—LeRoy Brown, Jr., appeals from a judgment and sentence entered on a jury verdict finding him guilty of 10 counts of forgery.

From the evidence presented the jury was entitled to believe that in the fall of 1978, someone stole blank checks from Vernon Graham. Appellant Brown forged two of those checks, which someone else passed. (Counts 1 and 2).

About the same time, someone stole blank checks from

the Yesler Tom Boy grocery store. Brown forged four of those checks, which were passed at various Seattle banks. (Counts 3 to 6). Brown may have passed one of the forged checks. (Count 5).

Brown also forged four checks on the account of Milners Imports. (Counts 7 to 10). Someone passed these forged checks (made payable to John Epps) at various Seattle banks. The passer presented the forged checks along with a deposit slip written by Brown.

On this appeal, Brown raises the following four issues:

1. Was there sufficient evidence to establish the checks were forged in King County or in Washington?

2. Did the trial judge err in answering the jury's question in Brown's absence?

3. Was the trial judge's reply to the jury inquiry a correct statement of the law?

4. Did the trial judge err in giving an accomplice instruction?

### FORGERY IN KING COUNTY OR IN WASHINGTON

To convict any defendant in a Washington court of a crime, the State must prove it has subject matter jurisdiction over that crime. RCW 9A.04.030. Under the Washington long–arm criminal jurisdiction statute, Washington has jurisdiction over any "person who commits an act without the state which affects persons or property within the state, which, if committed within the state, would be a crime." RCW 9A.04.030(5). No matter where Brown actually forged the 10 checks, Washington had criminal jurisdiction over these crimes because all the checks were passed in Washington and therefore affected persons and property within Washington.

Appellant Brown alleges the State failed to offer substantial evidence that he made or completed each of the 10 checks in King County. As the final "element" of each of the 10 "to convict" jury instructions, the State included the following language:

(3) That the acts occurred in King County, Washington.

> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty . . .

Brown claims the plain meaning of this language that occurrence of the acts (venue) in King County had to be proved beyond a reasonable doubt became the law of the case. Because the State did not offer substantial evidence of venue, he argues the trial court should have dismissed each count when he challenged the sufficiency of the evidence in a motion for arrest of judgment.

The State took its "to convict" jury instructions from the Washington Pattern Jury Instructions. The standard instruction includes as the final element of any charged crime the phrase "That the acts . . . occurred in _____ County, Washington." WPIC 4.21, 11 Wash. Prac. 42 (1977). The official comment to this standard instruction states:

> The case law makes the following propositions clear: (1) Which county is involved is a matter of venue only and is not a jurisdictional element of the crime; (2) The venue must be proved by the plaintiff but it need not be proved beyond a reasonable doubt; it is sufficient if venue can be reasonably inferred from the facts and circumstances; (3) it may be waived by a defendant and it is waived if not challenged during the course of the trial.

(Citations omitted.) Comment, WPIC 4.21, 11 Wash. Prac. 43–44 (1977).

■■ In the case of *State v. Hardamon*, 29 Wn.2d 182, 187–88, 186 P.2d 634 (1947), the court rejected an argument similar to Brown's, declaring that the situs of a crime is not an element of that crime but is a matter of venue. *Accord, State v. Escue*, 6 Wn. App. 607, 495 P.2d 351 (1972). The State may prove venue by circumstantial evidence. *State v. Stafford*, 44 Wn.2d 353, 356, 267 P.2d 699 (1954). It is sufficient if it appears at trial indirectly that the venue is properly laid. *State v. Smith*, 65 Wn.2d 372, 397 P.2d 416 (1964); *State v. Stafford, supra; State v. Hardamon, supra.*

In this case, we are satisfied that the State produced evidence from which the jury could reasonably conclude that

the offenses took place in King County. All of the checks were passed in King County. Six of the checks were written on King County banks for King County customers. These six checks were also stolen in King County. There was evidence that Brown passed the check in count 5 in King County. Further, Brown failed to object to venue until his motion for arrest of judgment so that he waived any objection. *State v. Miller,* 59 Wn.2d 27, 365 P.2d 612 (1961); *State v. Escue, supra* at 608.

■ Brown further argues that despite case law holding situs of a crime is a matter of venue, the law of the present case demands proof of situs beyond a reasonable doubt. *Seattle v. Harclaon,* 56 Wn.2d 596, 354 P.2d 928 (1960). Even if we were to assume arguendo that Brown's contention were a correct statement of the law, we still find sufficient proof the crimes were committed in King County. Brown's assertion would challenge the sufficiency of the evidence. The standard on review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime *beyond a reasonable doubt.*" (Last italics ours.) *Jackson v. Virginia,* 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979). *Accord, State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980); *State v. Theroff,* 95 Wn.2d 385, 622 P.2d 1240 (1980). Here, we are satisfied there was sufficient evidence from which a rational trier of fact could reasonably find beyond a reasonable doubt that Brown forged the checks in King County.

## ANSWERING THE JURY'S QUESTION
### IN BROWN'S ABSENCE

After commencing deliberation, the jury submitted the following question to the trial court: "Does the instrument have to be prepared in King County in order to constitute forgery in King County." Both the deputy prosecutor and the defense counsel were present to discuss possible answers with the trial judge. Brown was not present. After considering all of the suggested answers, the trial judge

wrote the answer "no" on the jury's note and had the note returned to the jury. The defense counsel objected to this answer.

Brown asserts he had a right to be present during the consideration of the jury's question. If present, he feels he could have aided counsel by suggesting additional arguments against the judge's answer. He concludes the judge's answer drastically changed the jury instructions, which substantially prejudiced him.

However, both court rules and case law permit a trial judge to give the jury requested information on a point of law in the presence of, or after notice to, the parties or their counsel. CrR 6.15(f)(1); *State v. Safford*, 24 Wn. App. 783, 794, 604 P.2d 980 (1979), *review denied*, 93 Wn.2d 1026 (1980); *State v. Jury*, 19 Wn. App. 256, 270, 576 P.2d 1302 (1978).[1] Defense counsel was present and protected his client's interests. Moreover, due process requires a defendant's presence only when a defendant shows that his presence "bears a reasonably substantial relation to the fullness of his opportunity to defend against the charge." *State v. Jury, supra* at 270. Brown has not made such a showing here. The trial court did not err in answering the jury's question in Brown's absence.

## THE TRIAL JUDGE'S REPLY

Brown next argues the trial judge's reply to the jury's question was a prejudicial misstatement of the law. We disagree. The jury's question focuses on the situs of the crimes. As we discussed above, the situs of the crimes is a matter of criminal jurisdiction and venue. Because it is undisputed that all 10 forged checks were passed in King County, Washington, and therefore affected persons and property in Washington, Washington courts had criminal jurisdiction over these crimes. RCW 9A.04.030(5). Where

---

[1] Cases prior to *Jury* hold only that it is prejudicial error for the trial court to give the jury additional information in the absence of both defendant and defense counsel. *See State v. Burri*, 87 Wn.2d 175, 550 P.2d 507 (1976); *State v. Shutzler*, 82 Wash. 365, 144 P. 284 (1914).

Brown allegedly made or completed (prepared) the 10 forged checks would be a factor to determine in which county venue was properly laid. However, because Brown never objected to venue in King County during the course of the trial, he waived any objection to venue in King County. *State v. Miller, supra.* Therefore, the State no longer had to prove where Brown made or completed the 10 forged checks. Accordingly, the judge's reply correctly stated the law of the case.

Moreover, the jury instructions also permitted the jury to find Brown guilty of forgery for aiding and abetting in the making or completing of the forged checks. Under this theory of the case, where Brown aided and abetted became a factor of venue, not where the checks were made or completed. Therefore, the checks did not have to be prepared in King County to create venue in King County.

THE ACCOMPLICE INSTRUCTION

Finally, Brown argues the trial judge erred in giving a jury instruction on accomplice liability. He asserts there was no evidence that he aided and abetted another in making or completing the checks so that the accomplice instruction misled the jury.

It is prejudicial error to submit an issue to the jury where there is no substantial evidence concerning it. *Albin v. National Bank of Commerce,* 60 Wn.2d 745, 754, 375 P.2d 487 (1962). However, there was substantial evidence that Brown aided and abetted. While the State's handwriting expert was the only witness to testify directly on the issue of who made or completed the checks, the defense introduced an inference of rebuttal by calling John Epps to testify. John Epps was the payee on seven of the forged checks. There was testimony that Brown even posed as Epps to cash the check in count 5. Epps took the witness stand for the defense. After stating his name and residence, he refused to answer any further questions, asserting his Fifth Amendment privilege against self–incrimination. The defense knew Epps would refuse to testify. Nevertheless, it

called Epps as witness solely to suggest that Epps, not Brown, was the forger. Therefore, the accomplice instruction became necessary to assure the jury could convict Brown of forgery even if the jury believed beyond a reasonable doubt that Brown only aided and abetted Epps in making or completing the 10 checks or in passing the check in count 5. *Cf. State v. Carothers,* 84 Wn.2d 256, 525 P.2d 731 (1974) (upholding use of aider–and–abettor instruction in murder case where immunized participant testified defendant was the murderer); *State v. Taplin,* 9 Wn. App. 545, 513 P.2d 549, *review denied,* 83 Wn.2d 1003 (1973) (upholding use of aider–and–abettor instruction in burglary conviction based on circumstantial evidence).

The test for determining if jury instructions are misleading is not a matter of semantics, but whether the jury was misled as to its function and responsibilities under the law. *State v. Hayes,* 73 Wn.2d 568, 572, 439 P.2d 978 (1968); *State v. La Porte,* 58 Wn.2d 816, 365 P.2d 24 (1961). Because the defense interjected the possibility that Epps was the forger and that Brown consequently only aided and abetted the scheme, the accomplice instruction did not mislead the jury.

The judgment is affirmed.

WILLIAMS and CALLOW, JJ., concur.