[No. 8253–5–II.   Division Two.   November 3, 1986.]

THE STATE OF WASHINGTON, *Appellant,* v. ALBERT
WAYNE JOHNSON, *Respondent.*

*William H. Griffies, Prosecuting Attorney, Chris Quinn–Brintnall, Senior Deputy,* and *Barbara L. Corey–Boulet, Deputy,* for appellant.

*Michael R. Johnson,* for respondent (appointed counsel for appeal).

WORSWICK, C.J.—The State appeals dismissal of second degree rape charges against Albert Wayne Johnson at the close of the State's case. The trial court held that the situs of the crime in Pierce County had not been established. Johnson counters that even if the dismissal was incorrect, double jeopardy principles bar another trial. We reverse and remand for retrial.

Only the evidence of situs is relevant to the issues. The victim testified that she had been skating at the Tacoma Roller Bowl, later went to a 24–hour convenience store at 38th and Tacoma Avenue, and then started to walk to her home about four blocks away. Her home was on D Street in the vicinity of Puget Sound Hospital, which is on Pacific Avenue. Some of the incidents on which the charge was

based occurred on her homeward route; some occurred on the grounds of Lincoln High School, which is substantially off the route. Afterward, she was assisted by a passing motorist who took her to his nearby home on South Park Avenue. The police were called, and a Tacoma Police Department detective responded and conducted the investigation. No witness specifically stated that the area was in Tacoma or Pierce County.

When the State rested, Johnson moved to dismiss for failure of the State to prove an element—the situs—of the crime. The motion was granted.

■ The situs is not an element of the crime, but relates to venue.[1] *State v. Hardamon,* 29 Wn.2d 182, 186 P.2d 634 (1947); *State v. Brown,* 29 Wn. App. 11, 627 P.2d 132 (1981); *State v. Escue,* 6 Wn. App. 607, 495 P.2d 351 (1972). Although it must be proved, direct evidence is not required. Inferences from circumstantial evidence are sufficient. *State v. Marino,* 100 Wn.2d 719, 674 P.2d 171 (1984); *State v. Smith,* 65 Wn.2d 372, 397 P.2d 416 (1964); *State v. Stafford,* 44 Wn.2d 353, 267 P.2d 699 (1954). Reference to streets, buildings, and other landmarks that members of the jury probably know of is sufficient. *State v. Kincaid,* 69 Wash. 273, 124 P. 684 (1912). Virtually every geographical reference testified to in this case met the *Kincaid* test. The trial court erred in granting the motion.

Johnson contends that double jeopardy principles (U.S. Const. amend. 5 and Const. art. 1, § 9) nevertheless bar a retrial, because the trial court's ruling involved a determination that the evidence was insufficient, citing *State v. LeFever,* 102 Wn.2d 777, 690 P.2d 574 (1984) and *State v. Dowling,* 98 Wn.2d 542, 656 P.2d 497 (1983). He is incorrect.

■ *LeFever* and *Dowling* hold that a retrial is barred if the trial court, albeit mistakenly, resolves a factual issue

---

[1]Dictum in *State v. Marino,* 100 Wn.2d 719, 727, 674 P.2d 171 (1984), suggesting that it is an element is inconsistent with all other Washington cases on the subject, including those cited in *Marino.*

essential to an adjudication of the criminal charge. *See United States v. Scott,* 437 U.S. 82, 57 L. Ed. 2d 65, 98 S. Ct. 2187 (1978). That did not happen here.

Situs must be established because it is essential to the proper venue of trial, but it is unrelated to the factual guilt or innocence of a defendant, and an erroneous dismissal on that basis does not bar retrial. *See Forks v. Fletcher,* 33 Wn. App. 104, 652 P.2d 16 (1982).

Reversed. Remanded for retrial.

PETRICH and ALEXANDER, JJ., concur.

Reconsideration denied December 2, 1986.

Review denied by Supreme Court March 4, 1987.