### UNITED STATES of America

v.

### Joseph SNEAD.

### Crim. No. 5–89–41 (WWE).

United States District Court, D. Connecticut.

April 5, 1993.

Stanley A. Twardy, Jr., Andrew Gaillard, James T. Cowdery, New Haven, CT, for the prosecution.

Richard Reeve, Federal Public Defender, New Haven, CT, for the defense.

## RULING ON MOTION TO DISMISS THE INDICTMENT

EGINTON, Senior District Judge.

Defendant Joseph Snead seeks to dismiss the two count indictment returned against him by a grand jury on September 3, 1991, pursuant to Fed.R.Crim.P. 12(b)(1). For the reasons set forth below, the motion to dismiss will be granted.

### FACTS

On July 10, 1989, the government filed a two count information alleging that Joseph Snead embezzled funds from his employer, Connecticut National Bank. The government agreed to refer this case for pretrial diversion. On July 10, 1989, this court granted a continuance pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(2), and ordered the case referred to Pretrial Services. The pretrial diversion program seeks to channel certain offenders out of the traditional criminal justice system, substituting for trial and punishment the supervision of the Pretrial Services Department.

After a thorough investigation, Pretrial Services determined that Snead was a suitable candidate for pretrial diversion. This was Snead's first criminal offense. He had been employed at the bank for 22 years, where he enjoyed a positive record until the instant offenses were uncovered and his alcoholism problem surfaced.

On January 3, 1990, defendant signed the Agreement and Pretrial Diversion Program (the "Agreement"), which was filed with the court on January 17, 1990. The Agreement provides that the government will defer prosecution for one year beginning January 3, 1990 in exchange for a commitment by the defendant to a tightly supervised probation period. One of the special conditions is that defendant make restitution to the Connecticut National Bank in the amount of $4,000. Termination from the program is addressed in Paragraph 5 of the Agreement:

If the Defendant violates any conditions or terms of the Program, the Government

may initiate prosecution for the offenses charged in the Information in this case. The Government shall notify the Defendant, in writing, of the specific condition(s) violated.

During the first year of pretrial diversion, defendant complied with all the conditions of the Agreement except the restitution requirement. Snead was unable to pay restitution because he could not maintain employment on a full-time basis throughout the year due to several difficulties, including marital separation, in-patient treatment for alcoholism, and a serious leg injury.

The original pretrial diversion period ended January 3, 1991. However, the parties agreed to extend pretrial diversion for another 12 months through January 3, 1992, conditioned upon defendant's payment of monthly installments of $333.33 to Pretrial Services. The extension was never memorialized, but was described in two letters, one from Assistant U.S. Attorney Andrew Gaillard to Pretrial services Officer Patrick DiDomizio dated January 2, 1991, and another from DiDomizio to Gaillard dated June 7, 1991.

Defendant was unable to make his monthly payments several months into the second year of pretrial diversion, and on September 3, 1991, four months shy of the extended end date, the government presented Snead's case to a grand jury. On September 12, 1991, Snead was arraigned.

At the arraignment, defendant's parents, on behalf of defendant, offered the government a $4,000 bank check as restitution in full, in exchange for dismissal of the indictment. Gaillard told defendant that the government would accept payment only if the matter were resolved by a plea to a misdemeanor charge. Defendant declined and the government refused to accept the check.

On May 20, 1992, defendant moved to dismiss the indictment pursuant to Fed. R.Crim.P. 12(b)(1) and (2) and the Fifth Amendment to the Constitution. He argues that the government: (1) did not properly terminate pretrial diversion because it failed to notify defendant in writing of any conditions violated as required by the Agreement; (2) violated his due process rights by failing to provide a pre-termination or post-indictment hearing; (3) violated his due process and equal protection rights by basing termination solely on defendant's failure to pay restitution which was not willful; and (4) violated his due process rights by refusing to accept the offer of full restitution made prior to the conclusion of the program's extended period. On September 8, 1992, a hearing was held on the motion to dismiss.

## DISCUSSION

■ Dismissal of an indictment is proper when the determination can be made based solely upon issues of law. *United States v. Was*, 684 F.Supp. 350 (D.Conn. 1988), aff'd 869 F.2d 34 (2d Cir.1989), cert. denied 490 U.S. 1068, 109 S.Ct. 2071, 104 L.Ed.2d 636 (1989). Judicial review in the area of pretrial diversion is more limited than review of a probation revocation, but pretrial programs are not insulated from judicial review. A court has the power to decide whether the government has lived up to its side of the bargain in terminating the pretrial agreement. *United States v. Hicks*, 693 F.2d 32, 34 n. 1 (5th Cir.1982), cert. denied 459 U.S. 1220, 103 S.Ct. 1226, 75 L.Ed.2d 461 (1983).

■ The offense which triggers reinstatement of prosecution is a defendant's failure to comply with the pretrial agreement. A pretrial divertee has the right not to be prosecuted contrary to the terms of the pretrial diversion agreement. *United States v. Allen*, 683 F.Supp. 1136, 1138 (E.D.Mich. 1988). The government has the burden of proof that the prosecution of a divertee does not violate the terms of the agreement. *Allen*, 683 F.Supp. at 1138.

■ Due process requires that the government's decision to terminate the diversion agreement and initiate prosecution must be reasonable. *Allen*, 683 F.Supp. at 1138 (citing *Washington v. Marino*, 100 Wash.2d 719, 923, 674 P.2d 171 (1984). *See also Hicks*, 693 F.2d at 33 (holding that the court must safeguard defendant's constitutional rights). The government must prove breach by a preponderance of the evidence. *Allen*, 683 F.Supp. at 1138 (citing *Florida v. Gorayeb*,

510 So.2d 1168 (1987). A willful refusal to pay restitution is a reasonable ground for terminating a pretrial agreement. Hardship and inability to pay, however, do not constitute reasonable grounds for termination. *State v. Spann*, 160 N.J.Super. 167, 388 A.2d 1342 (1978).

Here, the government has not met its burden of proving by a preponderance of the evidence that prosecution of Mr. Snead is warranted. Pretrial diversion had been extended yet prosecution was commenced during that period. Defendant's failure to pay prior to September 1991 was not willful but rather due to inability to pay and hardship. His subsequent offer to pay in full should have been accepted and the indictment withdrawn because the offer was made within the pretrial diversion period.

## CONCLUSION

For the reasons stated above, the motion to dismiss the indictment (# 18) is GRANTED. Pretrial Services is directed to release to the Office of the United States Attorney the restitution check it is holding on behalf of the defendant.