**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

STATE OF WASHINGTON,       )     No. 78969-4-I
                          )
    Respondent/Cross-appellant,    )
                          )     DIVISION ONE
          v.              )
                          )
RASHEED CHAFFA ECHOLS,     )
DOB: 3/31/1981            )     UNPUBLISHED OPINION
                          )
    Appellant/Cross-respondent.    )
                          )

MANN, C.J. — After Rasheed Echols was federally indicted on drug charges, he was terminated from drug court and subsequently found guilty of unlawful possession of payment instruments, second degree identity theft, second degree possession of stolen property, and possession of a controlled substance. Echols appeals, arguing that the State erred when it terminated him from drug court without finding by a preponderance of the evidence that he violated his contract. We reverse Echols's termination from drug court and vacate his subsequent convictions.

I.

On April 30, 2016, Echols was arrested for obstruction. When officers searched him incident to arrest, Echols possessed several debit cards belonging to other people.

Citations and pin cites are based on the Westlaw online version of the cited material.

When officers asked Echols why he had other people's debit cards, he mentioned having a business, but did not provide further detail. After obtaining a search warrant, police found a large amount of other people's mail, debit cards, W-2 forms, and social security cards inside the vehicle that Echols was driving. Officers also found blank checks, washed checks, and fraudulent and altered checks. Drug paraphernalia, methamphetamine, and a variety of pills were also recovered from the vehicle.

Echols was charged with unlawful possession of payment instruments, second degree identity theft, second degree possession of stolen property, and possession of a controlled substance. The information did not specify which instruments formed the basis for the unlawful possession of payment charges. The second degree identity theft charge was based on Echol's possession of a passport and birth certificate belonging to Matthew Wilkinson. The second degree possession of stolen property charge was based on Echol's possession of a check issued to Elvis Gardner. The possession of a controlled substance charge was based on the methamphetamine recovered from the vehicle.

Echols entered into Adult Drug Treatment Court (drug court) to resolve his criminal charges on April 12, 2017. By entering into drug court, Echols agreed to waive his rights to a trial and stipulate to the admissibility of the police reports in the event that he was terminated from drug court. He also agreed to reside in Snohomish County while participating in drug court, obey all laws, abstain from using or possessing any substances, maintain honesty, and agreed not to associate without any known drug users or possessors.

Echols participated in drug court sessions for over a year and claimed he had maintained his sobriety for over five hundred days. Shortly before Echols was scheduled to graduate drug court, he was federally indicted for conspiracy to distribute controlled substances under Title 21, U.S. Code sections 812 and 841. On June 15, 2018, the trial court informed Echols that it received the indictment and that it would take him into custody and terminate him from drug court.

On June 22, 2018, the State moved to terminate Echols from drug court alleging that Echols was in violation of his agreement by not abiding by all laws, and by associating with known drug dealers and users. Echols objected, contending that while the burden of proof for the indictment is for probable cause, the court must find that Echols breached his contract by a preponderance of the evidence. Echols argued that the court needed more evidence than the indictment to find him in violation of his contract with the drug court. The court disagreed and terminated Echols from drug court. The court found that Echols violated the drug court agreement by residing outside of Snohomish County, failing to obey all laws, failing to abstain from using or possessing any substances, failing to maintain honesty, and associating with known drug users of possessors. The court found Echols guilty of the four originally charged offenses at the termination hearing.

Echols appeals.

II.

Echols argues that the trial court erred when it terminated Echols from drug court ADTC absent a preponderance of the evidence that he violated any portion of the drug court agreement. The State concedes. We agree.

3

When a defendant is terminated from a pre-prosecution diversion agreement, the defendant has a due process right to have factual disputes resolved by a neutral fact finder. State v. Kessler, 75 Wn. App. 634, 636-37, 879 P.2d 333 (1994). "This includes an independent determination that the deferred prosecution agreement was violated, by a preponderance of the evidence with the burden of proof on the State." State v. Marino, 100 Wn.2d 719, 725, 674 P.2d 171 (1984); see Kessler, 75 Wn. App. at 637.

Federal indictments are handed down by a grand jury, whose main function is "to determine whether or not probable cause exists to believe that a crime has been committed, and, if so, to file charges against such persons as are reasonably believed to have committed it." United States v. Ciambrone, 601 F.2d 616, 622 (2d Cir. 1979). An indictment is merely a charge and does not constitute any evidence of guilt. Ciambrone, 601 F.2d at 622.

Echols argues that the indictment alone was insufficient to prove that he violated the drug court agreement by a preponderance of the evidence. The State concedes that the indictment itself was not sufficient evidence to terminate Echols. Without any additional evidence, the record does not support a finding that Echols violated any portion of the agreement. Because an indictment alone does not support a finding by the preponderance of the evidence, the trial court erred when it found that Echols violated his agreement with the drug court.

We reverse the order terminating Echols from drug court and vacate his subsequent convictions.

Mann, C.J.

WE CONCUR: