[No. 4064–II.   Division Two.   October 7, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT
W. CARLSON, *Appellant.*

*Douglas W. Tufts,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

PETRICH, J.—Defendant appeals from an order revoking probation and the imposition of sentence on his earlier plea of guilty to the crime of second degree arson. Although the defendant sets forth numerous assignments of error, his principal contention is that the court below improperly confused and intertwined the factual issue of the violation of probationary terms with the issue of imposing appropriate sanctions. We disagree and affirm.

We preface our consideration of this appeal with due reference to our statutes, court rules and decisional law which govern this type of proceeding. They are summarized in *State v. Shannon,* 60 Wn.2d 883, 888–89, 376 P.2d 646 (1962) as follows:

(a) The granting of a deferred sentence and probation, following a plea or verdict of guilty, is a rehabilitative measure, and as such is not a "matter of right but is a matter of grace, privilege, or clemency granted to the deserving and withheld from the undeserving," within the sound discretion of the trial judge.

(b) The order deferring sentence and granting probation, under our procedures, is not a final judgment from which an appeal lies.

(c) A revocation or modification proceeding under our statutes is not a *criminal prosecution* within the contemplation of Const. Art. 1, § 22 (amendment 10) entitling a defendant, as a matter of right, to the privileges therein accorded.

(d) Fair play, due process, and the intent of our statute, in requiring that a defendant be "brought before the court wherein probation was granted" (RCW 9.95.220), entitle such defendant to be reasonably informed of the allegations of probation violation, and an opportunity to be heard thereupon.

(e) Absent statutory procedural criteria compelling formal trial in revocation or modification proceedings, the judicial function requires that the nature and extent of judicial inquiry therein, and determination thereof, be grounded upon the exercise of sound judicial discretion,

fair treatment, and conscientious judgment, consistent with the ends of justice and the interests of both society and the defendant. . . . The court need not be furnished with evidence establishing beyond a reasonable doubt guilt by the probationer of criminal offenses. All that is required is that the evidence and facts be such as to reasonably satisfy the court that the probationer is "violating the terms of his probation, or engaging in criminal practices, or is abandoned to improper associates, or living a vicious life." RCW 9.95.220; . . .

(f) Imposition of sentence, following revocation of probation, particularly in felony cases, is part of the *criminal prosecution* within the contemplation of Const. Art. 1, § 22 (amendment 10), at which time a defendant is entitled to be represented by counsel.

(Citations omitted.)

Added to the foregoing are the following:

(a) Hearing and representation by counsel as provided in CrR 7.5(b);

(b) The hearing mandated by the requirements of due process in revocation of probation is identical to the hearings in revocation of parole proceedings. *Gagnon v. Scarpelli,* 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973);

(c) The hearing in revocation of parole is a 2–step proceeding which includes a factual determination of a violation and a determination of appropriate sanctions in the event a violation is established. *Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972).

 Defendant has set forth 24 assignments of error. Seventeen of these assignments deal with evidentiary matters which were not adequately supported by argument or authority and will not be reviewed by this court. *State v. Wood,* 89 Wn.2d 97, 569 P.2d 1148 (1977); *In re Marriage of Croley,* 91 Wn.2d 288, 588 P.2d 738 (1978).

 One assignment challenges the court's finding that defendant possessed 2 pounds of marijuana. A review of the record discloses that there was substantial evidence to support the court's finding and accordingly such finding shall not be disturbed on appeal. *Thorndike v. Hesperian*

*Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959); *State v. McDonald*, 89 Wn.2d 256, 571 P.2d 930 (1977).

■ Another assignment obliquely attacks the court's findings without setting forth the specific finding or findings, claiming the court disregarded the evidence by not believing the defendant's testimony. The trier of fact is the sole judge of the credibility of the witnesses and if the trier of fact does not believe a witness' testimony it may be disregarded entirely. *Plancich v. Williamson*, 57 Wn.2d 367, 357 P.2d 693, 92 A.L.R.2d 559 (1960).

The remaining assignments challenge the manner in which the trial court conducted the hearing. Defendant claims that the 2–phase aspect of such a proceeding should be separately considered by the court and that evidence of disposition should not be introduced or considered until a finding is made that a violation occurred.

■■ It is true that a revocation of probation is a 2–step proceeding. This, however, does not require a bifurcation of the hearing so as to separately address these issues. A review of the record and the judge's ruling in this case reflects that he was aware of the 2–phase nature of the proceeding and the fact that his finding of a violation did not require revocation. Judges routinely rule on evidentiary matters in bench trials and are not found "prejudiced" by the exposure to inadmissible evidence. Trial judges are presumed to have considered only the evidence properly before the court and for proper reasons. *In re Harbert*, 85 Wn.2d 719, 538 P.2d 1212 (1975); *State v. Jefferson*, 74 Wn.2d 787, 446 P.2d 971 (1968). We are satisfied that the trial judge's consideration of evidence in support of a violation of probation was not impermissibly tainted by receipt of evidence addressed to appropriate sanctions even though the latter evidence was received before a determination that a violation had occurred.

For the reasons stated the order and judgment are affirmed.

PETRIE, A.C.J., and JOHNSON, J. Pro Tem., concur.

Reconsideration denied November 3, 1980.

Review denied by Supreme Court January 19, 1981.