[No. 22201-5-I.   Division One.   January 8, 1990.]

THE CITY OF SEATTLE, *Respondent*, v. WILLIAM
BERNARD LEA, *Petitioner*.

*Frederick Leatherman*, for petitioner.

*Mark Sidran, City Attorney*, and *Douglas Whalley* and *Michael Brown, Assistants*, for respondent.

WINSOR, J.—William Lea brings this discretionary appeal from a decision in which the Superior Court affirmed the Seattle Municipal Court's revocation of his probation. We reverse.

In 1985, Lea was convicted by a Seattle Municipal Court jury of the crime of menacing. As a result of that conviction, Lea was placed on probation for 2 years. The probation conditions included maintaining "good behavior".

Two years later, Lea's probation was revoked because of an alleged violation of the "good behavior" condition. Although there were three different allegations before it, the court based its probation revocation solely on the fact that Lea had twice been arrested on criminal charges. At the hearing, Lea's counsel acknowledged that Lea had been arrested twice and that both cases were set for jury trial. No evidence concerning the facts underlying the charges was produced at the hearing. When Lea's counsel attempted to argue that the fact of arrest does not afford a sufficient basis to revoke probation, the court foreclosed argument on the issue.

Lea appealed to the Superior Court for King County, which affirmed the probation revocation. We granted discretionary review.

The sole question presented is whether a trial court may revoke probation based on the fact of arrest, without first allowing the probationer to contest the allegations of the underlying charges. Lea argues that the trial court's actions violated his due process right to be heard. We agree.

■ Although a probationer's due process rights are not the same as those of a person accused of a crime, certain minimum due process requirements apply to a probation revocation hearing. *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 488–89, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972); *In re Boone,* 103 Wn.2d 224, 230–31, 691 P.2d 964 (1984). Those requirements are:

"(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross–examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body

such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact–finders as to the evidence relied on and reasons for revoking [probation or] parole."

*Gagnon,* 411 U.S. at 786 (quoting *Morrissey,* 408 U.S. at 489).

The City argues that the trial court was within its discretion in revoking probation, since Washington case law specifically recognizes the right of a sentencing judge to consider arrests. Alternatively, the City argues that Lea waived any rights he may have had because he failed to deny the allegations and request an opportunity to present witnesses.

The City's first argument relies on the mistaken premise that the court was exercising discretion in determining that the arrests were a violation of the probation condition. Probation revocation is a 2–step process which includes a factual determination of a violation and a determination of appropriate sanctions in the event a violation is established. *Gagnon,* 411 U.S. at 782; *Morrissey,* 408 U.S. at 479–80; *State v. Carlson,* 27 Wn. App. 387, 389, 618 P.2d 531 (1980). While the decision of determining sanctions is committed to the sound discretion of the trial court, the court must first determine that the individual has in fact breached the conditions of probation. *Morrissey,* 408 U.S. at 483–84; *see State v. Nelson,* 103 Wn.2d 760, 767, 697 P.2d 579 (1985).

The City cites *State v. Blight,* 89 Wn.2d 38, 41, 569 P.2d 1129 (1977), for the proposition that a sentencing judge may consider the fact of other arrests. While that may have been true under former sentencing law, the rule applied only to the sentencing stage of the proceedings, after the defendant's guilt had been determined by the trier of fact. In Lea's hearing, however, the trial court had not yet reached the second step of the proceeding and was not yet exercising discretion in determining the appropriate sanction. The court was making the fact–finding determination, thus the *Blight* holding is inapplicable to the case at bar.

The hearing process is structured to ensure that a probation revocation will be based on verified facts and therefore comports with due process. *Morrissey,* 408 U.S. at 484; *State v. Lawrence,* 28 Wn. App. 435, 438, 624 P.2d 201 (1981). The trial court must fully articulate the factual basis of its decision, sufficient to permit effective appellate review. *Lawrence,* 28 Wn. App. at 438.

Here the court did not base the probation revocation on verified facts of actual misconduct by Lea, but only on the fact that a police officer had arrested him. Due process requires more: a probationer must have the opportunity to be heard and to present evidence to contest the allegations upon which revocation is sought. *Morrissey,* 408 U.S. at 488.

The City also argues that Lea waived his due process rights by not seeking to present witnesses or deny the City's evidence. This argument is based on the notion that because probation revocation is a discretionary function of the trial court, the probationer must bear some responsibility for the orderly administration of the process. *See Nelson,* 103 Wn.2d at 766.

■ The "City's evidence" was the fact that Lea was arrested, a matter of public record. From the face of the allegations, there was nothing to contest. The record shows that Lea did attempt to argue that the fact of arrest is an insufficient basis on which to revoke probation, but was foreclosed from doing so by the trial court. Although probationers should bear some of the burden for the orderly administration of the process, the trial court must ensure that the minimum due process requirements set forth in *Gagnon* and *Morrissey* are met. *See Nelson,* 103 Wn.2d at 766–67. Lea was denied the opportunity to object to the City's evidence or bring in witnesses, because the court decided to accept the fact of arrest as proof of misconduct. Under the circumstances, Lea did not waive his due process rights.

Reversed and remanded for further proceedings consistent with this opinion.

COLEMAN, C.J., and WEBSTER, J., concur.