# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57575-2-II |
| Respondent, | |
| v. | |
| ERIKA NICOLE ESSEX, | UNPUBLISHED OPINION |
| Appellant. | |

Cruser, C.J. — Erika Nicole Essex appeals the trial court's imposition of a $5,000 penal fine, suspended in its entirety upon the terms of her probation. She argues that the trial court erred in imposing the fine because the fine constitutes a discretionary "cost" subject to RCW 10.01.160(3), and therefore the court was prohibited from imposing the fine on her as she is indigent. She further appeals the trial court's imposition of a $500 victim penalty assessment (VPA), arguing that it should be stricken due to the amendment of RCW 7.68.035(4), which prohibits courts from imposing the VPA on indigent defendants. She additionally argues that this amendment applies because (1) her case is on direct appeal and (2) the trial court found her to be indigent. We affirm the imposition of the penal fine and further remand for the VPA to be stricken.

## FACTS

Essex was convicted by a jury of reckless endangerment, resisting arrest, and driving while suspended or revoked in the third degree on November 15, 2022. The trial court sentenced Essex to 364 days with 184 days suspended and credit for 62 days served, with the condition of 24 months

of unsupervised probation. The trial court additionally imposed a $5,000 fine, with the entire fine suspended upon the same terms and conditions as her suspended sentence.[1] The court also imposed the mandatory VPA of $500 with a payment schedule of $35 per month commencing on July 1, 2023. The total financial obligation imposed by the court was $500.

As a condition of the suspension of her sentence and fine, Essex was required to obtain a substance abuse evaluation and follow all treatment recommendations within 14 days of release from custody. She is also prohibited from purchasing, possessing, or using any alcohol or controlled substances without a lawful prescription. Finally, any criminal violation will violate the terms of her probation, resulting in the potential imposition of additional jail time and collection of all or part of the fine.

Following sentencing, Essex submitted a motion and declaration for an order of indigence. Soon after, the trial court granted her motion and entered an order of indigence. Essex now appeals her sentence, assigning error to the imposition of the $5,000 penal fine and the $500 VPA.

ANALYSIS

DISCRETIONARY FINE

Essex argues that RCW 10.01.160(3) prohibits the imposition of the $5,000 penal fine on her as she is indigent. She contends that the term "costs" as defined in RCW 10.01.160(2) and applied in RCW 10.01.160(3) is ambiguous, and that when rules of statutory construction are applied, the term should be read to include discretionary fines imposed under RCW 9A.20.021. She also contends that the legislature did not intend for these types of legal financial obligations

---

[1] $5,000 is the maximum penal fine for a gross misdemeanor per RCW 9A.20.021(2).

(LFOs)[2] to be imposed on indigent defendants because they are a barrier to reentry into the community.

The State responds that the fine is statutorily authorized under RCW 9A.20.021. It emphasizes that the language of RCW 10.01.160(2) is unambiguous and makes it clear that "costs" under RCW 10.01.160(3) are limited to " 'expenses specially incurred by the state in prosecuting the defendant or in administering the deferred prosecution program.' " Br. of Resp't at 5 (quoting RCW 10.01.160(2)). It argues that therefore, a discretionary fine imposed under RCW 9A.20.021 is not a cost as applied under RCW 10.01.160(3). It finally contends that because Essex is raising this issue for the first time on appeal, this court should decline to review it.

We exercise our discretion to review this issue and conclude that the trial court did not err in imposing a suspended penal fine on Essex. The imposition of the suspended fine without considering Essex's ability to pay as an indigent defendant is permissible because a penal fine is not a cost under RCW 10.01.160(3).

A. Legal Principles

We review a trial court's imposition of a discretionary LFO for abuse of discretion. *State v. Ramirez*, 191 Wn.2d 732, 741, 426 P.3d 714 (2018). Courts are prohibited from imposing discretionary costs on indigent defendants per RCW 10.01.160(3). Costs as applied under RCW 10.01.160(3) are defined as "expenses specially incurred by the state in prosecuting the defendant

---

[2] LFOs typically include fees, costs, and assessments. However, they may also include penal fines and restitution. This is made clear in the Sentencing Reform Act of 1981's definition of LFOs, which "distinguishes among different types of costs, other financial obligations, and fines." *State v. Clark*, 191 Wn. App. 369, 375, 362 P.3d 309 (2015); RCW 9.94A.030(31). For the purposes of this discussion, the sanction here will be referred to as either an LFO, fine, or penal fine. However, the analysis of this fine is narrowly tailored to address suspended penal fines only.

or in administering the deferred prosecution program." RCW 10.01.160(2). Criminal fines are not costs for the purposes of RCW 10.01.160(3). *State v. Clark*, 191 Wn. App. 369, 376, 362 P.3d 309 (2015).

B. Application

Essex argues that the term "costs" as used in RCW 10.01.160(3) is undefined, and that when examining the plain meaning of the statute, applying the rules of statutory construction, and reading it within the context of related statutes, the term includes penal fines imposed under RCW 9A.20.021(2). Thus, she argues that the imposition of the penal fine against her, even if suspended, violates RCW 10.01.160(3). She specifically argues that all discretionary LFOs, with the exception of restitution and, formerly, the VPA, cannot be imposed on indigent defendants.

The State, relying on *Clark*, responds that the definition of "costs" included under RCW 10.01.160(3) is clear and does not include criminal fines. The State further emphasizes that although the imposition of a fine under RCW 9A.20.021(2) is discretionary, that discretion does not transform the fine into a discretionary *cost* pursuant to RCW 10.01.160(3). We agree with the State.

Here, the trial court imposed, and suspended in full, a penal fine of $5,000 as statutorily permitted for gross misdemeanors under RCW 9A.20.021(2). Although the fine here is discretionary, fines and costs represent different obligations. *Clark*, 191 Wn. App. at 375. We adhere to our decision in *Clark* that criminal fines are not costs within the meaning of RCW 10.01.160(3). *Id.* at 374-75.

EXCESSIVE FINES CLAUSE

Essex argues that the $5,000 fine violates the excessive fines clause as Essex is an indigent defendant. She contends that the fine is subject to constitutional review as the fine is at least partially punitive and grossly disproportionate.

The State responds that the constitutionality of the fine is unripe for review because it is currently suspended. It argues that a fine is only subject to this kind of review " 'at the point of enforced collection.' " Br. of Resp't at 8 (internal quotation marks omitted) (quoting *State v. Curry*, 118 Wn.2d 911, 917, 829 P.2d 166 (1992)).

Essex did not address the ripeness of this claim in her brief, nor did she respond to the State's argument about ripeness in her reply brief.

We conclude that the constitutionality of the fine is unripe for constitutional review because the suspension of the fine has not yet been revoked. Although the suspended fine is memorialized on the judgment and sentence, it cannot be enforced without further order of the court. Upon such further order, if one is ever entered, Essex would have the right to appeal that order. Accordingly, we decline to review this claim.

A. Legal Principles

We review the constitutionality of a fine under the excessive fines clause de novo. *City of Seattle v. Long*, 198 Wn.2d 136, 163, 493 P.3d 94 (2021). In order to be subject to constitutional review, the applicable sanction must be a fine, must be excessive, and typically must be partially punitive. *Id.* at 162-63. However, it must also be ripe for review. *See generally State v. Bahl*, 164 Wn.2d 739, 193 P.3d 678 (2008). A claim must meet three requirements to be ripe for judicial determination: " 'the issues raised are primarily legal, do not require further factual development,

and the challenged action is final.' " *Id.* at 751 (quoting *First United Methodist Church of Seattle v. Hr'g Exam'r*, 129 Wn.2d 238, 255-56, 916 P.2d 374 (1996)).

Trials courts have broad authority to revoke suspended sentences upon violation of a condition of probation. *Wahleithner v. Thompson*, 134 Wn. App. 931, 939, 143 P.3d 321 (2006). "Probation revocation is a [two]-step process which includes a factual determination of a violation and a determination of appropriate sanctions in the event a violation is established." *City of Seattle v. Lea*, 56 Wn. App. 859, 861, 786 P.2d 798 (1990). Such a hearing must comply with principles of procedural due process. *See generally In re Pers. Restraint of Bush*, 164 Wn.2d 697, 704-05, 193 P.3d 103 (2008); *Morrissey v. Brewer*, 408 U.S. 471, 488-89, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972); *Mathews v. Eldridge*, 424 U.S. 319, 332-35, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). These minimum due process requirements generally include notice of the alleged violation and a hearing on the allegation. *Bush*, 164 Wn.2d at 704.

These procedural due process requirements are codified in CrR 7.6(b), which provides that "the [sentencing] court shall not revoke probation except after a hearing in which the defendant shall be present and apprised of the grounds on which such action is proposed." Furthermore, the defendant is entitled to counsel at the hearing and may also be released pending the hearing. CrR 7.6(b).

B. Application

Our ability to review the merits of Essex's constitutional claim fails at the outset because it is not ripe. The fine listed on the judgment and sentence was suspended in full by the sentencing court. The fine was suspended as a condition Essex's compliance with the terms of her sentence. It is only in the event that Essex violates a condition of her sentence, which can only be determined

after notice and a factual hearing in compliance with CrR 7.6(b), that the fine can be imposed and collected. Should the sentencing court enter an order revoking a suspended portion of Essex's sentence and imposing the fine, Essex will have the right to appeal such an order. *See generally* RAP 2.2(13). It is at that time that Essex's constitutional claim will be ripe for review.[3]

VICTIM PENALTY ASSESSMENT

Essex argues that as of July 1, 2023, courts are prohibited from imposing the VPA when a criminal defendant is indigent, due to the amendment of RCW 7.68.035. See LAWS OF 2023, ch. 449, § 1. She contends that although the amendment was enacted post-conviction, Essex's case is still pending on direct appeal and therefore subject to the amendment. She claims that as a result, the $500 VPA must be stricken because Essex was found to be indigent. The State concedes that the VPA should be stricken due to the amendment of RCW 7.68.035.

We accept the State's concession and order that the VPA should be stricken.

CONCLUSION

Accordingly, we affirm the trial court's imposition of the $5,000 fine on Essex, but we remand this matter to the trial court to strike the VPA.

---

[3] The procedural posture of this case is distinguishable from cases involving challenges to community custody conditions that would be enforceable against a defendant immediately upon release from custody. Our supreme court has held that challenged conditions that require "some other action by the State beyond the simple release of the defendant from prison before conditions burden[ ] the defendant," are generally not ripe for review. *See State v. Valencia*, 169 Wn.2d 782, 791, 239 P.3d 1059 (2010). However, ripeness has been found when the challenged community custody condition would immediately impact a defendant upon their release from jail or prison. *Id.*; *Bahl*, 164 Wn.2d at 751-52. Unlike those cases, where the sanction is essentially self-executing, here, the $5,000 fine cannot be executed without further action from the sentencing court.

No. 57575-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
CRUSER, C.J.

We concur:

_____
VELJACIC, J.

_____
CHE, J.